UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

|  |  |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national banking association, as Trustee under Indenture of Trust between Industrial Development Corporation of Kootenai County and U.S. Bank National Association, as Trustee, dated as of December 1, 2006, relating to $6,365,000 Industrial Development Corporation of Kootenai County Revenue Bonds (AMT), 2006 (Coeur d'Alene Fiber Fuels, Inc. Project) and U.S. BANK NATIONAL ASSOCIATION, a national banking association, as Trustee under Indenture of Trust between Washington Economic Development Finance Authority and U.S. Bank National Association, as Trustee, dated as of September 1, 2007 relating to Washington Economic Development Finance Authority Economic Development Revenue Bonds (Coeur d'Alene Fiber Fuels, Inc. Project) Series 2007G (AMT) - $8,710,000 and Series 2007H (Taxable) - $950,000<br><br>Plaintiffs,<br><br>vs.<br><br>ERIC HANSON, an individual; FRED HANSON, an individual; and Coeur d'Alene Fiber Fuels, Inc. INLAND NORTHWEST BANK<br><br>Defendants. | Case No. 2:10-cv-00498-EJL<br><br><br><br><br><br><br><br><br><br><br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On June 23, 2011, United States Chief Magistrate Judge Candy W. Dale issued her Report, and Recommendation in this matter. Dkt. No. 78. Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. Defendant Coeur d'Alene Fiber

1

Fuels, Inc. filed an objection on June 30, 2011, Dkt. No. 83. Said objection was withdrawn on July 13, 2011, Dkt. No. 85. The Court's staff attorney confirmed with counsel for the parties that all the parties agree this Court should adopt the Report and Recommendation entered by Judge Dale.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id*. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005).

Since no objections remain, the Court need not conduct a de novo determination of the Report and Recommendation. The Court did, however, review the Report and Recommendation and the record in this matter and finds the

2

Report and Recommendation to be well-founded in the law based on the facts of this particular case.

**THEREFORE, IT IS HEREBY ORDERED** that the Report and Recommendation (Docket No. 78) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED** that:

1. The Receiver's Motion for an Order Approving the Sale of Certain Assets (Dkt. No. 56) is GRANTED with respect to all Receivership assets, including the RUF Brick Machine, Model #400, but excluding all other assets identified in the Declaration of Eric Hanson (Dkt. No. 66.)

2. Defendant Coeur d'Alene Fiber Fuels' Emergency Motion for Entry of Order Prohibiting Receiver From Selling or Transferring Non-Receivership Property
(Dkt. No. 65) is DENIED.

3. The Court will enter the proposed order approving the sale of certain assets submitted by the Receiver which was attached to the Report and Recommendation.

DATED: **July 14, 2011**

Honorable Edward J. Lodge
U. S. District Judge